HENRY FRITZ v. THE STATE.

SPIRITUOUS LIQUORS. *Sale of on Sunday.* The words "spirituous liquors" having obtained a definite meaning, through a long uniformity of construction, when the Code was enacted, the established significance of the term was adopted, and the Legislature is presumed to have intended the same meaning in the language of Sec. 4861.

*Held,* that the sale on Sunday of distilled and not fermented liquors, is prohibited by the Statute.

Cases cited: Caswell v. The State, 2 Hum., 339. Case overruled, The State v. Sharrer, 2 Cold., 323.

FROM DAVIDSON.

From the Criminal Court at Nashville. THOS. N. FRAZIER, J.

JOHN RUHM, for plaintiff.

ATTORNEY GENERAL HEISKELL, for the State.

NICHOLSON, Ch. J., delivered the opinion of the Court.

In these several cases presentments were made by the Grand Jury of Davidson County against the several plaintiffs in error, for violations of Section 4861 of the Code. The presentments charge the parties with selling spirituous liquors on Sunday, and with aiding and encouraging the sale of spirituous liquors on Sunday. The proof was, that in one of the cases the defendant sold a glass of lager beer on Sunday, and in the other

cases the defendants bought each a glass of lager beer on Sunday.

The Criminal Judge instructed the several juries that the Statute was intended to include in the term "spirituous liquors," not only distilled spirits, but liquors produced by fermentation, such as ale and lager beer. Under this charge the several defendants were found guilty, and were fined five dollars each, and each ordered to be imprisoned for twenty-four hours. From the several judgments so rendered the defendants have appealed.

Two questions are presented for determination in these cases : 1st. Is lager beer a spirituous liquor, within the meaning of Sec. 4,861 of the Code, which enacts that, " No licensed grocer, or other person in this State, shall retail spirituous liquors on Sunday. The punishment for this offense shall be fine and imprisonment at the discretion of the court." 2nd. If lager beer is to be regarded as a spirituous liquor within the meaning of that section, then was it intended thereby to make the buyer as well as the seller guilty of a misdemeanor ?.

We will first inquire whether the Legislature intended to use the term, spirituous liquors, as embracing malt, or fermented, as well as distilled liquors. It is purely a question of legislative intention, and whatever we find that intention to be it is our duty to carry it out.

The section of the Code under examination was carried into the Code from an Act passed in 1838, but in a

modified form as to the punishment. That Act was passed on the 27th of January, 1838. On the day preceding, January 26, 1838, the Legislature passed an Act repealing the Act of the 15th of December, 1831, imposing a tax on retailers of spirituous liquors, and providing that thereafter all persons convicted of the offense of retailing spirituous liquors should be fined, etc.

It is observed in both of the Acts the term used is "spirituous liquors," and no reference is made to malt or fermented liquors. In 1841 an indictment was found in Knox County against Caswell & Hill, "for selling a certain kind of spirituous liquor, called wine, to one Dameron." They were convicted, and appealed to this Court. The judgment was reversed, Judge Turley giving the opinion, in which he says: "The question for consideration is, whether wine is a spirituous liquor within the meaning of the statute passed in 1837–8, making it a misdemeanor to retail spirituous liquors. We think it is not. Wine is a fermented liquor, spirits are distilled liquors, etc. We therefore think that the words 'spirituous liquors,' embrace all those procured by distillation, but not those procured by fermentation." In 1846 the Legislature passed an Act to tax and regulate tippling-houses, which provided for obtaining a license for retailing spirituous or *vinous* liquors, and making it a misdemeanor to sell *vinous* or spirituous liquors without license. This provision of the Act of 1846 is carried into the Code in Section 4,859, which makes it a mis-

demeanor to violate the law regulating the license for sale of spirituous or vinous liquors. But the Act of 1838 is carried into the Code without alteration as to the prohibition against the sale of "spirituous liquors" on Sunday. The presumption is that when the Legislature enacted the Code, it was done with a full knowledge that the judicial interpretation of the term "spirituous liquors" which was made in 1841, and had been recognized by the subsequent legislation of the State, was intended to be adopted in the adoption of Section 4,681. This interpretation of the terms continued unquestioned, after their adoption in the Code, until the case of *The State* v. *Sharrer*, decided by this Court in 1865.

This was an indictment under Section 4,681 of the Code, for selling ale and wine on Sunday. Judge Milligan held, that "the words 'spirituous liquors,' used in this section, are evidently employed in a general sense, and intended to comprehend all alcoholic or intoxicating liquors. The manifest object of the Legislature was to prevent the desecration of the Sabbath, by the sale of an article the use of which is calculated to produce the most shameless disregard of all the proprieties and duties of life."

It is readily conceded that Judge Milligan states correctly the object for which the Act was passed. It is true, also, as noticed by him, that Section 4,860 of the Code requires that the provisions of the article in which Section 4,861 is found, should be construed liberally, so as to prevent evasion and subterfuges, and

to effectuate the objects of the law. But the question arises, can we discover, by giving Section 4,861 a liberal construction, that it was the intention of the Legislature to include *fermented* liquors under the words " spirituous liquors." We have seen that these words were first used in 1838, and that ever since that time they have remained unchanged on the Statute Book, and that down to the year 1865 they have been construed in legislative and judicial proceedings as being confined in their application to *distilled* spirits. We have seen that when the Code was enacted, in 1858, the same words were employed, with no alteration or amendment. The inference is legitimate, that as these words had obtained, at the time the Code was enacted, a fixed and definite meaning, judicially, legislatively, and in common parlance, the Legislature intended to use them in the same sense. Otherwise, the intention to use them in a different sense would have been indicated by an amendment, rather than by requiring the provisions to be liberally construed.

It will be observed that the only change made in the Act of 1838, in transferring it to the Code, was to make its violation a more stringent misdemeanor: fine and imprisonment constitute the punishment under the section as it stands in the Code. It is contrary to the genius of our government, that a criminal offense which involves the imprisonment of a citizen, should be created merely by judicial construction, and that, too, involving the necessity of overruling the fixed construction of the same language by the courts and the legislatures for

thirty-seven years. That the words "spirituous liquors" were not employed in the Act of 1838, to designate *lager beer*, is absolutely certain, from the historical fact that at that day that article of drink was scarcely known in our State. The Statute was leveled at distilled spirits, and not at fermented liquors, and this Court would be guilty of judicial legislation if we should, by our construction, so enlarge the meaning of the words as to make a new criminal offense. As anxious as the Court may be to promote the object of the Statute, we can not do so by assuming legislative powers. We are, therefore, inclined to overrule the case of *Sharrer* v. *The State*, and to hold that under Section 4,861 the sale of *distilled* and not *fermented* liquors on Sunday was prohibited.

This result disposes of the other question in the case, and renders its decision unnecessary.

The judgments of the Criminal Court are reversed and arrested.